1

2

James P. O'Brien
O'BRIEN LAW OFFICE
500 N. Higgins, Suite 200
Missoula, Montana 59807
Phone:  (406) 721-0660
Fax:  (406) 721-0664

3

4

5

6

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF MONTANA GREAT FALLS DIVISION

7

8

9

10

11

12

13

14

15

| Gail Rutherford, natural mother, and Guardian for and on behalf of Alyssa Little, a minor child.<br><br>                    Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, Department of Human Health Services, through Indian Health Services, Stphen Wegner M.D., Teri Hensley M.D. and Paul Settler PAC, and John and Jane Does I-V  as yet unidentified<br><br>                    Defendants. | Cause No.: 4:08-CV-044-SEH-RKS<br><br>COMPLAINT AND<br>JURY DEMAND |
| --- | --- |

## GENERAL ALLEGATIONS

### I.

Gail Rutherford, Guardian and Conservator arising from her appointment in

Pondera County, Montana, brings this claim for and on behalf of her natural

daughter, Alyssa Little, a minor child.

### II.

The Indian Health Service is a political subdivision of the United States of

America, and Defendant herein. Defendants, Stephen Wegner M.D., Teri Hensley

M.D., Paul Settler PAC, John Doe and Jane Doe are employees of the Defendant

16

17

18

19

20

21

22

23

24

25

United States, or in the alternative, individuals who at all times pertinent, were engaged in acts or omissions in connection with their respective duties performed on behalf of the Defendant United States.

Many pertinent medical records are not sufficiently legible to indentify the individual medical United States employees or agents rendering negligent care to the Plaintiff Alyssa Little. Plaintiff anticipates amendment of the Complaint once these individuals are identified in discovery.

## **III.**

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and the Federal Tort Claims Act. Five administrative claims were filed pursuant to statute seeking damages for the injuries described on June 15, 2005, June 16, 2005, November 7th, 2005, November 22, 2005, and December 16, 2005 and was acknowledged on June 8, 2007 and signed by a claims officer for the Public Health Service. The claims were denied by administrative action on February 28, 2008.

## **IV.**

The Indian Health Service (IHS) maintains a health service facility at the Blackfeet Indian Reservation in Browning, Montana for the purpose of providing health care to residents thereof. Such facility also provides medical care services on site and by referral.

## V.

The Plaintiff Little received services over the past years from the IHS at the

Blackfeet Hospital in Browning, Montana.

## VI

On February 7, 2006, the Plaintiff presented to the Defendant with

abdominal pain.  Dr. DeRosier examined the Plaintiff noting a seven month

history of abdominal pain and a transverse vaginal septum, with bulging

presentation.  Dr. DeRosier diagnosed the Plaintiff as suffering from

hematocolpos.

## VII.

Plaintiff was transferred to Benefis Hospital in Great Falls, Montana

whereupon she underwent emergency surgery to correct an imperforate hymen

with transverse vaginal septum resulting with a largely dilated ovary and left

Fallopian tube.

## COUNT I

## VIII.

On June 15, 2005, Plaintiff Little presented for examination for evaluation of

abdominal pain, cramping with a history of vomiting. Examination was

performed by the Defendant's Stephen Wegner M.D.  Following the examination

and evaluation Plaintiff received a diagnosis of gastritis.

## IX.

Defendant Stephen Wegner M.D., upon information and belief, was either acting in his official capacity as an employee for the United States or, if not an employee then acting in connection with duties performed on behalf of the Defendant United States in rendering medical services to the Plaintiff Alyssa Little on June 15, 2005.

## X.

In diagnosing gastritis, Defendant Wegner's diagnosis was incorrect as the Plaintiff suffered from the condition of hematocolpos.

## XI.

The IHS and Defendant Stephen Wegner M.D. violated the standard of care in the following respects:

A.   Failure to take a complete history, including a menstrual history;

B.   Failure to diagnose her amenorrhea, which should have triggered a pelvic exam;

C.   Failure to do a pelvic exam;

D.   In the alternative, Failure to refer the Plaintiff to a specialist and;

E.   Failure to diagnose her medical condition of hematocolpos.

## XII.

As a result of the violation of the standard of care by IHS and Defendant Stephen Wegner M.D.to provide appropriate medical services, the Plaintiff's

condition continued to be untreated resulting in, but not limited to intense pain for

many months; increased chronic pelvic pain, decreased fertility, and endometriosis. As

a further result of the Defendant's violations in the standard of care, the Plaintiff

suffered damages in an amount to be determined at trial.

## COUNT II

## XIII.

On June 16, 2005, Plaintiff Little presented for examination for evaluation of

abdominal pain, cramping with a history of vomiting. Examination was

performed by the Defendant's agents.  Following the examination and evaluation

Plaintiff received a diagnosis of mesenteric adenitis.

## XIV.

Defendant John Doe M.D. or Jane Doe M.D., upon information and belief,

was either acting in his or her official capacity as an employee or, if not an

employee then acting  in connection with duties performed on behalf of the

Defendant United States in  rendering medical services to the Plaintiff Alyssa

Little on June 16, 2005.

## XV.

In diagnosing mesenteric adenitis, the diagnosis was incorrect as the Plaintiff

suffered from the condition of hematocolpos.

## XVI.

The IHS and/or its agents violated the standard of care in the following respects:

    A.    Failure to take a complete history, including a menstrual history;

    B.    Failure to diagnose her amenorrhea, which should have triggered a pelvic exam;

    C.    Failure to do a pelvic exam;

    D.    in the alternative, Failure to refer the Plaintiff to a specialist

    E.     Failure to obtain a pelvic ultrasound or pelvic CT/MRI exam and;

    F.    Failure to diagnose her medical condition of hematocolpos for almost a 6-month period.

## XVII.

As a result of the violation of the standard of care by IHS and/or its agents to provide appropriate medical services, the Plaintiff's condition continued to be untreated resulting in, but not limited to intense pain for many months; increased chronic pelvic pain, decreased fertility, and endometriosis. As a further result of the Defendant's violations in the standard of care, the Plaintiff suffered damages in an amount to be determined at trial.

## COUNT III

## XVIII.

On November 7, 2005, Plaintiff Little presented for examination for evaluation of abdominal pain, cramping with a history of vomiting. Examination

was performed by the Defendant Paul Settler PAC.  Following the examination

and evaluation Plaintiff received a diagnosis of mesenteric adenitis.

## XIX.

Defendant John Doe M.D. or Jane Doe M.D., upon information and belief,

was charged with supervising Physician Assistant Paul Settler and was either

acting in his or her official capacity as an employee or, if not an employee then

acting in connection with duties performed on behalf of the Defendant United

States in  rendering medical services to the Plaintiff Alyssa Little on November

7,2005.

## XX.

 Physician Assistant Paul Settler diagnosed the Plaintiff with viral gastro-

enteritis. The diagnosis was incorrect as the Plaintiff suffered from the condition

of hematocolpos.

## XXI.

The IHS and/or its agents violated the standard of care in the following
respects:

A.    Failure to take a complete history, including a menstrual history;

B.    Failure to diagnose her amenorrhea, which should have triggered a pelvic
      exam;

C.    Failure to do a pelvic exam;

D.    in the alternative, Failure to refer the Plaintiff to a specialist

E.    failure to refer the Plaintiff to a medical doctor:

F.     Failure to obtain a pelvic ultrasound or pelvic CT/MRI exam and;

G.    Failure to diagnose her medical condition of hematocolpos .

## XXII.

As a result of the violation of the standard of care by IHS and/or its agents to provide appropriate medical services, the Plaintiff's condition continued to be untreated resulting in, but not limited to intense pain for many months; increased chronic pelvic pain, decreased fertility, and endometriosis. As a further result of the Defendant's violations in the standard of care, the Plaintiff suffered damages in an amount to be determined at trial.

## COUNT IV

## XXIII.

November 22, 2005, the Plaintiff presented for examination for evaluation of symptoms of gastro-esophageal reflux disorder along well, complaining of abdominal problems and premenstrual tightness. Examination was performed by the Defendant Teri Hensley M.D. Following the examination and evaluation, Plaintiff received a diagnosis of abdominal pain and constipation.

## XXIV.

Defendant Teri Hensley M.D. , upon information and belief, was

either acting in her official capacity as an employee of the United States or, if not

an employee then acting  in connection with duties performed on behalf of the

Defendant United States in  rendering medical services to the Plaintiff Alyssa

Little on November 22, 2005.

## XXV.

In diagnosing abdominal pain and constipation, IHS and / Defendant Teri

Hensley M.D. were incorrect, as the plaintiff suffered from the condition of

hematocolpos.

The defendant violated the standard of care in the following respects:

A.      Failure to take a complete history, including a menstrual history;

B.      Failure to diagnose her amenorrhea, which should have triggered a pelvic

exam;

C.      Failure to do a pelvic exam;

D.      In the alternative, Failure to refer the Plaintiff to a specialist;

E.      Failure to get a pelvic ultrasound or pelvic CT/MRI exam and;

F.      Failure to diagnose her medical condition of hematocolpos.

## XXVI.

As a result of the violation of the standard of care by IHS and Defendant

Teri Hensley M.D. to provide appropriate medical services, the Plaintiff's condition

continued to be untreated resulting in, but not limited to intense pain for many months;

COMPLAINT                                                                    Page **9** of **12**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

increased chronic pelvic pain/ and decreased fertility and endometriosis. As a result of the Defendant's violations in the standard of care, the Plaintiff suffered damages in an amount to be determined at trial.

## COUNT V

## XXVII.

On December 16, 2005, the Plaintiff   presented for evaluation of abdominal pain and cramping. Examination was performed by the Defendant's agents. Following the examination and evaluation Plaintiff received a diagnosis of chronic abdominal pain and constipation.

## XXVIII.

Defendant John or Jane Doe, Physician upon information and belief, was either acting in his/her official capacity as an employee or, if not then an individual acting  in connection with duties performed on behalf of the Defendant United States in  rendering medical services to the Plaintiff Alyssa Little on December 16, 2005

## XXIX.

In diagnosing chronic abdominal pain and constipation, the IHS and/or its agents were incorrect as the plaintiff suffered from the condition of hematocolpos.

The defendant violated the standard of care in the following respects:

A.      Failure to take a complete history, including a menstrual history;

B.   Failure to diagnose her amenorrhea, which should have triggered a pelvic exam;

C.   Failure to do a pelvic exam;

D.   In the alternative, Failure to refer the Plaintiff to a specialist;

E.   Failure to get a pelvic ultrasound or pelvic CT/MRI exam and;

F.   Failure to diagnose her medical condition of hematocolpos.

## XXX.

As a result of the violation of the standard of care by IHS and/or its agents to provide appropriate medical services, the Plaintiff's condition continued to be untreated resulting in, but not limited to intense pain for many months; increased chronic pelvic pain, decreased fertility, and endometriosis.  As a result of the Defendant's violations in the standard of care, the Plaintiff suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs request the following relief:

1.  For judgment in her favor;

2.  Special damages in an amount to be more specifically proven at trial

3.  General damages in amount to be determined at trial;

4.  For costs of suit allowed by law;

5.  For any and all further and additional relief which may be appropriate.

   **Plaintiff demands a jury trial.**

DATED this 2nd day of July 2008

O'BRIEN LAW OFFICE P.C.

/s/ JAMES P. O'BRIEN
Attorney for Plaintiff